The appellant, Lucius King, pleaded guilty to possession of cocaine in violation of § 20-2-70, Code of Alabama 1975. He was sentenced to 10 years.
A search was conducted at the residence of the appellant, where one gram of cocaine was found. The appellant was subsequently arrested and charged with possession. Prior to trial, a plea bargain agreement was negotiated between the appellant and the district attorney. For his plea of guilt, the district attorney agreed to a sentence of two years. The trial court explained to appellant his rights in accepting his plea, complying with all of the requirements of Boykin v. Alabama,395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
At his sentencing, the trial court sentenced King to two years' imprisonment and denied probation, in accordance with the sentencing agreement. However, the written judgment in this case reflects a sentence of ten years. There is, therefore, a conflict in the record as to whether the appellant was sentenced to two years' imprisonment or ten years' imprisonment. We could determine the sentence on the basis of legal presumptions as regards which of the two prevailed. We deem it more realistic and practical, however, to send the case back to determine the true intent of the sentencing authority. Under the provisions of Rule 10(f), Alabama Rules of Appellate Procedure, we remand this case to the circuit court for proceedings to establish the intention of the sentencing court. The appellant is deemed to have pleaded guilty in reliance on the sentencing agreement. In the event that the intention of the court was to impose a sentence at variance with that arrived at in the negotiated sentencing agreement, then the appellant must be given an opportunity to withdraw his plea of guilty, enter a plea of not guilty, and proceed to trial.Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495,30 L.Ed.2d 427 (1971).
REMANDED WITH DIRECTIONS.
All the Judges concur. *Page 163 
 ON RETURN TO REMAND